**UNITED STATES of America**
**Plaintiff–Appellee,**

v.

**Keith PEER, Defendant–Appellant.**

**No. 05–30010.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 23, 2006.

Decided March 14, 2006.

Stephanie Whitaker, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

---

\* The Honorable Consuelo B. Marshall, Senior United States District Judge for the Central District of California, sitting by designation.

Ronald A. Van Wert, Esq., Etter, McMahon & Lamberson, P.C., Spokane, WA, for Defendant–Appellant.

Before: RAWLINSON, and CLIFTON, Circuit Judges, and MARSHALL,\* District Judge.

## MEMORANDUM \*\*

Appellant, Keith Peer, appeals his conviction and sentence for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846.

We find that Peer's first argument—that the officers who executed a search warrant on the residence he shared with Co–Defendant Michelle Mitchell violated the Fourth Amendment and the "knock and announce" statute, 18 U.S.C. § 3109—is foreclosed by *United States v. Banks*, 540 U.S. 31, 124 S.Ct. 521, 157 L.Ed.2d 343 (2003).

In *Banks*, the Supreme Court considered the issue of whether this Court properly found that officers executing a warrant to search for cocaine in a private apartment acted unreasonably in waiting only fifteen to twenty seconds after knocking and announcing before making a forcible entry. 540 U.S. at 33, 124 S.Ct. 521. The Court concluded that they did not, given the existence of an exigency which ripened during the fifteen to twenty second period during which the officers were waiting. *Id.* at 38, 124 S.Ct. 521.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ The present case is similar to *Banks* in that it involved execution of a warrant at a private residence for suspected drug-related activity—possession and sale of methamphetamine. Thus, a similar exigency in the form of the risk of destruction of evidence was presented, such that it was reasonable for the officers to forcibly enter after fifteen or more seconds had transpired.[1] Moreover, unlike *Banks,* where only one individual was believed to be in the residence, it was suspected that at least two adults and two children were present at the time the warrant was executed, along with vicious dogs and firearms. These facts only heightened the possibility that evidence could be destroyed or innocent parties injured.

Peer's next argument—that the district court erred in admitting evidence concerning firearms seized during various law enforcement searches, including that which took place at his residence—is also unavailing in light of our precedent.

■ As a threshold matter, this Court has long held that, in cases involving drug trafficking charges, "firearms are relevant and admissible to prove the defendant's involvement in the drug trade and intent to distribute." *United States v. Fagan,* 996 F.2d 1009, 1015 (9th Cir.1993). Because the offense with which Peer was charged was conspiracy to distribute a controlled substance, the presence of firearms together with drugs at his residence was relevant to show that he was more likely than not intending to sell the drugs rather than use them for personal recreation.

■ Because we find that the firearms evidence was relevant, the only question that remains is whether it should have been independently excluded under Fed. R.Evid. 403. Peer insists that this inquiry is controlled by our decisions in *United States v. Hitt,* 981 F.2d 422, 423 (9th Cir. 1992) and *United States v. Green,* 648 F.2d 587, 595 (9th Cir.1981). However, unlike in those cases, the firearms evidence in this case was relevant to demonstrate the co-conspirators' involvement in the drug trade generally, and was not so inflammatory as to unduly influence the jury. Thus, the district court did not abuse its discretion in its application of Rule 403.

■ We are equally convinced that the district court did not abuse its discretion in admitting, during redirect examination of Michelle Mitchell, the redacted February 25, 2004 "jailhouse letter" written to her by Peer, as we find that the statements contained therein were arguably relevant to issues raised on cross-examination, namely whether Mitchell had an ulterior motive to cooperate.

■ Peer further fails to establish that the Government's failure to disclose information purportedly contained in Agent Sullivan's "rough notes" from his "free talk" interview with cooperating Co–Defendant Jason Anderson violated his due process rights as set forth in the Supreme Court's decision in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), because he cannot show that the information could have affected the jury's verdict. *Accord Barker v. Fleming,* 423 F.3d 1085, 1099 (9th Cir.2005) ("The mere

---

1. Peer takes issue with the district court's finding that the time that elapsed between the first knock and the forced entry was at least fifteen seconds, a finding which was based on the testimony of four of the officers involved in the execution of the warrant. Peer urges that the sequence of events establishes that the time which elapsed was only eight to ten seconds, which corresponds to the testimony of Christopher Mitchell. However, Mitchell testified that he was "shocked" and confused by the events which transpired; thus, it was not clear error for the district court to give less weight to Mitchell's testimony.

possibility that an item of undisclosed information might have helped the defense ... does not establish 'materiality' in the constitutional sense.") (citation omitted). Thus, we find no *Brady* error.[2]

■ Finally, we are unpersuaded by Peer's argument that there was a fatal variance between the charging document and the Government's proof at trial, in that the evidence proved the existence of multiple conspiracies rather than a single, overarching conspiracy with Co–Defendant Lizarrala–Cedano as the "hub." As this Court has often observed, a variance is only "fatal" if it affects the defendant's substantial rights, i.e., by exposing him to prejudicial evidentiary spillover. *See, e.g., United States v. Duran,* 189 F.3d 1071, 1081 (9th Cir.1999).

■ In *Duran,* the Court concluded that evidence proving the existence of two conspiracies to distribute cocaine rather than the single conspiracy charged in the indictment did not result in prejudicial spillover because the evidence concerning each conspiracy was readily "compartmentalized," in that each conspiracy "involved discrete events separated by time, distance, purpose, method of operation, and personnel." *Id.* at 1082. The instant case is highly analogous to *Duran,* in that the evidence against Peer was easily compartmentalized and was alone enough to support his conviction. Thus, we find that Peer was not prejudiced by the presentation of evidence pertaining to other individuals who may not have been members of the same underlying conspiracy.[3]

■ We do find error in the district court's imposition of a 324–month sentence under the then-mandatory United States Sentencing Guidelines. *See United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because the record does not reveal whether the district court would have imposed the same sentence under the now advisory Guidelines, the appropriate remedy, pursuant to this Court's decision in *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc), is a limited remand, upon which the district court should consider that precise question.

**Conviction AFFIRMED; sentence REMANDED.**

RAWLINSON, Circuit Judge, concurring.

I concur in the result.

**In re: Linda KONCICKY, Debtor.**

---

2. Again, our finding of lack of error is limited to the fact that the information purportedly contained in the "rough notes" was immaterial; this Court's precedent is clear that, once materiality is established, an officer's "rough notes" are subject to disclosure under *Brady. See, e.g., United States v. Alvarez,* 86 F.3d 901, 904 n. 2 (9th Cir.1996).

3. Peer also argues that the Government's proof at trial resulted in a "constructive amendment" of the indictment; however, all of the cases upon which he relies deal exclusively with "variances." In any event, we find that there was not a constructive amendment in this case. *See United States v. Shipsey,* 363 F.3d 962, 974 (9th Cir.2004).